THE STATE OF OHIO, APPELLEE, *v.* McDONALD, APPELLANT.

(No. 2164—Decided December 28, 1970.)

*Mr. T. C. Hughes*, city prosecutor, for appellee.
*Mr. B. N. Murray*, for appellant.

HOLMES, J.   This matter involves the appeal of a conviction of the appellant in the Municipal Court of Newark, for a violation of R. C. 4511.19, which section sets forth the offense of operating a motor vehicle while under the influence of alcohol.

The defendant, appellant herein, was apprehended by a State Highway Patrolman on State Route 40, after such officer had observed the appellant traveling at a quoted rate of speed of 65 miles per hour in a 50 miles per hour zone.

The arresting officer, Patrolman John O'Connor, testified that after pursuing the defendant, the latter stopped his car, alighted therefrom, and displayed his driver license upon request; he also stated that he had observed the appellant's speech, appearance, and manner of move-

ment and perambulation, and that based upon such observations, he concluded that the defendant was under the influence of alcohol.

Patrolman O'Connor testified that subsequently he took the defendant to the Hebron Highway Patrol Post for the purpose of taking a Breathalyzer Test.

Further, Patrolman O'Connor testified that he had read the prescribed form relating to the consequences of a refusal to submit to a chemical test to the appellant as required by R. C. 4511.191 (C).

Officer O'Connor testified that the appellant had not been advised of his right to have a physician or qualified technician, chemist, registered nurse, or other qualified person of the appellant's choosing to administer a chemical test in addition to that as administered by the Highway Patrol.

In fact, Officer O'Connor testified that he was not aware that such requirement was provided for by Ohio law.

The record of the case further shows that Sgt. Richard E. Mortine of the Ohio State Highway Patrol was a duly qualified and licensed senior operator for the Breathalyzer testing equipment, and as such operator, had given a breath alcohol test to the defendant.

There was testimony by Sgt. Mortine that such test resulted in a finding of .15 alcohol present.

Sgt. Mortine also testified that based upon his personal observations, he had concluded that the defendant was under the influence of alcohol. Such testimony was given without objection.

The state thereupon moved the court for the admission of the state's exhibits, including the refusal statement form, the Breathalyzer check list, and the Breathalyzer test result card.

The court, after asking whether there was any objection on the part of the defendant and there being none, admitted such exhibits into evidence.

At the conclusion of the state's case, counsel for the defendant moved the court for a dismissal on a number of grounds, among which was the fact that the defendant had

not, pursuant to R. C. 4511.19, been advised of his right to have a separate test given by his own physician or nurse, or other qualified technician.

The trial court overruled such motion on the basis that such Revised Code section provides that "* * * if the person is not advised, or if there is not the ability to obtain this test, that this does not preclude the admission of the state's test. * * *"

At the conclusion of all of the evidence, the defendant's counsel renewed his motion as made at the time the state had rested.

The court overruled the motion and thereupon found the defendant guilty as charged.

The defendant appeals citing the following assignments of error:

"1. The lower court erred in overruling the motion of the defendant at the conclusion of the testimony of the prosecution.

"Also, the court erred in overruling the motion of the defendant at the conclusion of the entire testimony.

"2. The court erred in finding the defendant guilty beyond reasonable doubt:

"(a) When the only test applied was a Breathalizer Test and none other.

"(b) When the evidence showed that the only act of the defendant while driving his car, as detected by the officer, was that he was exceeding the speed limit.

"3. That the court committed error in admitting the Breathalizer Test made of the defendant when the officer not only failed to enlighten the defendant of his right to have another test made by a qualified physician, technician, chemist or registered nurse, but upon the officer's own testimony that he did not know, at the time, that he was to advise the defendant of such right, as prescribed in the final paragraph of Section 4511.19 R. C."

In determining the validity of assignments of error number one and number three as they relate to the question of the absence of advice concerning an additional test, three questions must be answered.

We must first determine whether the admissibility of evidence concerning the chemical tests to be submitted in a hearing of a violation of R. C. 4511.19 is conditional upon the giving of the advice set forth therein.

Secondly, we must determine whether any objection to the admissibility of such evidence may be effectively waived by the party against whom it is to be used, and thirdly, if such be a waivable right, whether on the facts of the instant case, such right has in fact been waived.

The pertinent parts of R. C. 4511.19, applicable to this matter are as follows:

"No person who is under the influence of alcohol, narcotic drugs, or opiates shall operate any vehicle, street-car, or trackless trolley within this state.

"In any criminal prosecution for a violation of this section, or ordinance of any municipality relating to driving a vehicle while under the influence of alcohol, the court may admit evidence on the concentration of alcohol in the defendant's blood at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of such alleged violation. * * *

* * *

"The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing admininster a chemical test or tests in addition to any administered at the direction of a police officer, and shall be so advised. The failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a police officer."

We hold that R. C. 4511.19 mandates that the arresting officers advise the person charged that they have the right to have additional tests taken and that in a hearing of a violation of R. C. 4511.19 the admissibility of evidence concerning tests as given by the arresting authorities is dependent upon the person arrested being given the required advice. In that regard, we are in agreement with the first paragraph of the syllabus in *Couch* v. *Rice* (1970), 23 Ohio App. 2d 160.

Such mandatory right to be advised of the opportunity to obtain another chemical test as provided in R. C. 4511.19 (B) is separate and independent from the admissibility provision as contained later in the same section.

The latter provision is applicable only when, and if, the advise concerning the right to obtain an additional test is given pursuant to the requirements of the preceding sentence of the section.

If given the required advice, the failure or inability to obtain the additional test then would not preclude the admission of evidence relating to the test taken at the direction of the police officer.

However, we hold that such right to be advised of the opportunity for additional tests is a statutory right granted by the Legislature rather than an inherent or constitutional right, and any attendant right to exclude evidence based upon a claim of improper procedure, may be waived by a failure to enter a timely objection to the use of such evidence.

As stated in 52 Ohio Jurisprudence 2d 569, Trial, Section 81:

"The law imposes upon every litigant the duty of vigilance in the trial of a case, and it is his responsibility to object to the introduction of incompetent evidence, or to seek to have the same excluded, with reasonable promptness. *White* v. *Richmond,* 16 Ohio 5 * * *."

When either party offers evidence deemed to be inadmissible or incompetent by the other party, the latter is required to make a timely objection to the introduction of such evidence at the time such is offered or admitted. *Himes* v. *Rickman,* 17 Ohio Law Abs. 574.

Ordinarily, an objection to incompetent and improper testimony must be made with reasonable promptness. *Gates* v. *Dills,* 13 Ohio App. 2d 163. Further, when a question is asked and answered without objection, the error, if any, will be considered to have been waived. *Bishop, Extr.,* v. *Guthrie, Extrx.,* 90 Ohio Law Abs. 133.

We hold that the same degree of timeliness is requisite when the matter is tried to the court as where a jury is the trier of the facts.

As stated by the Supreme Court in *Nationwide Mutual Ins. Co.* v. *Riggle*, 173 Ohio St. 288, at page 289:

"* * * Although there may be more latitude given counsel in a trial to the court without a jury, such a trial does not dispense with the ordinary rules of evidence or trial procedure."

Now turning to the facts in the instant case, there were, at the outset, no motions for the suppression of evidence relating to the chemical test; there were no objections made by defense counsel as to the introduction of the testimony of the testing officer, nor as to the results of such test. In addition, there was no motion to exclude such evidence after such was given.

Also, there was no objection to the introduction of the state's exhibits of the test card or testing check list. In fact, at page 18 of the bill of exceptions it may be noted that counsel for the defendant indicated that he had no objection to the introduction of the exhibits into evidence.

Therefore, we hold the admission of the Breathalyzer test results not to be prejudicially erroneous as to this defendant.

Regarding assignments of error number 2 which goes to the weight of the evidence, we hold that in addition to the testimony of the Breathalyzer test results herein, there was testimony relating to the defendant's physicial appearance, his speech, his physical mobility, and the presence of the smell of alcohol.

Both Patrolman O'Connor and Sgt. Mortine testified that in their opinion the defendant was under the influence of alcohol.

After a review of all of the evidence, this court finds that reasonable minds could conclude that the accused was guilty beyond a reasonable doubt.

The judgment of the trial court will, accordingly, be affirmed.

*Judgment affirmed.*

RUTHERFORD, P. J., and PUTMAN, J., concur.

HOLMES, J., of the Tenth Appellate District, sitting by assignment in the Fifth Appellate District.