[No. 42204.    En Banc.    May 11, 1972.]

THE STATE DEPARTMENT OF MOTOR VEHICLES, *Respondent,*
v. DENNIS L. MCELWAIN, *Appellant.*

*Siderius, Lonergan & Crowley,* by *Patrick W. Crowley,* for appellant.

*Slade Gorton, Attorney General,* and *John H. Keith, Assistant,* for respondent.

ROSELLINI, J.—The question before the court in this case is: Does RCW 46.20 prevent the revocation of a motor

vehicle operator's license if the operator, although conscious, is intoxicated to such a degree that he is incapable of refusing to take the breath test as provided for in that statute? Our conclusion is that it does not.

The statute in question, the "Implied Consent Law," adopted through the initiative procedure in 1969, provides in RCW 46.20.308(1):

> Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of RCW 46.61.506, to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood if arrested for any offense where, at the time of the arrest, the arresting officer has reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor. Such officer shall inform the person of his right to refuse the test, and of his right to have additional tests administered by any qualified person of his choosing as provided in RCW 46.61.506. The officer shall warn the driver that his privilege to drive will be revoked or denied if he refuses to submit to the test. Unless the person to be tested is unconscious, the chemical test administered shall be of his breath only.

This court has heretofore been called upon to construe this statute. In *Connolly v. Department of Motor Vehicles*, 79 Wn.2d 500, 487 P.2d 1050 (1971), we held that the statute requires that an operator be informed not only that he has a right to refuse to take the test, but also that he has a right to have additional tests administered; and that if this advice is not given, an operator's license may not be revoked for refusal to take the test. The appellant in this case relies upon certain language which we quoted, taken from the opinion of the Court of Appeals of Ohio in the case of *Couch v. Rice*, 23 Ohio App. 2d 160, 261 N.E.2d 187 (1970),

which was a case in which a similar statute was being construed to determine whether the arresting officer was required to advise the operator of his right to have additional tests administered.

The quoted language was to the effect that, under the statute, a refusal must have been "knowingly and intelligently" made, after proper advice of the operator's rights under the statute. The Ohio Court of Appeals and the Ohio Supreme Court have subsequently held that the right to be advised is a statutory right, and not a constitutional right, and that it can be waived. *State v. Mohr*, 26 Ohio St. 2d 204, 271 N.E.2d 254 (1971); *State v. McDonald*, 25 Ohio App. 2d 6, 265 N.E.2d 793 (1970). The question whether an operator must be sober enough to understand the advice given him was not before the Ohio courts in any of those cases, nor was it before this court in *Connolly v. Department of Motor Vehicles, supra.* That question was brought before the Ohio Supreme Court in *Hoban v. Rice*, 25 Ohio St. 2d 111, 267 N.E.2d 311 (1971), and that court held that a refusal could not later be disavowed on grounds that the operator was at the time "too drunk to understand."

A perusal of the Ohio cases, as well as cases from other jurisdictions, will show that the question is everywhere regarded as one of statutory construction.[1]

We need not look to cases from other jurisdictions,

---

[1] In *Groff v. Rice*, 20 Ohio App. 2d 309, 253 N.Ed.2d 318 (1969), where it was stipulated that the operator did not have "sufficient control of his facilities [sic] to knowingly, intelligently and intentionally refuse to take said test," the Court of Appeals held that the operator could not be said to have refused to take the test. However, the Supreme Court of Ohio did not accept that rationale. *See Hoban v. Rice*, 25 Ohio St. 2d 111, 267 N.E.2d 311 (1971). And in *Bush v. Bright*, 264 Cal. App. 2d 788, 71 Cal. Rptr. 123 (1968), the California Court of Appeals held that a provision in a statute of that state similar to ours required that an operator be advised of the consequences of his refusal to take the test but did not require that he understand those consequences. *See also Fankhauser v. Orr*, 268 Cal. App. 2d 418, 74 Cal. Rptr. 61 (1968); *State Dep't of Highways v. Normandin*, 284 Minn. 24, 169 N.W.2d 222 (1969); and *Garcia v. Department of Motor Vehicles*, 253 Ore. 505, 456 P.2d 85 (1969), all holding that lack of understanding is no defense.

however, in order to arrive at the intent expressed in RCW 46.20.308. We think the language of the quoted provision (read in conjunction with subsections (2) and (3) of that section) expresses a clear intent that any operator who is arrested by an officer having reasonable grounds to believe that he is intoxicated must either submit to a test for blood alcohol content or be subject to a license revocation.

Subsection (2) provides that if a person is unconscious or otherwise incapable of refusing consent, he shall be deemed not to have withdrawn the consent provided in the first subsection. It provides that the test shall be administered, and subsection (1) authorizes the use of the blood test where the operator is unconscious. The appellant in this case does not suggest that he was unconscious within the meaning of subsection (2). It is not his position that the arresting officer has a right to administer a blood test or even that the appellant was so intoxicated that such a test could have been administered without opposition by him.

Subsection (3) provides for the revocation of the operator's license where he refuses to submit to the test or tests.

It seems clear that the intent of the statute is that the test will be administered in every case where the officer has reasonable grounds to believe that the operator is under the influence of intoxicating liquor, except where the test is refused. The appellant would have us read into the act an exception where the operator is not unconscious but is too intoxicated to comprehend and respond to the officer's request that he submit to the test. To do so would, of course, exempt from the statutory coverage a class of persons whose driving is the most dangerous—those who, while not too intoxicated to drive, are nevertheless too intoxicated to respond intelligently to stimuli in their surroundings.

The people of this state, in adopting this initiative, must have had in mind the fact that there are varying degrees of intoxication, and that the more intoxicated one becomes, the less he is capable of exercising an intelligent judgment. They nevertheless expressed an intent that any intoxicated

person having sufficient control of his faculties to operate a motor vehicle should submit either to a test for blood alcohol or to the revocation of his license.

The statement of the Ohio Court of Appeals, which was quoted with approval by this court in *Connolly v. Department of Motor Vehicles, supra,* to the effect that a refusal must be "knowingly and intelligently" made, explains the rationale for the requirement that the operator be advised of his rights and of the consequences of his refusal. It was not our intent, in quoting that language, to read into RCW 46.20.308 a provision which it does not contain. The statute does provide that the operator shall be advised, and the obvious purpose of this requirement is to provide him the opportunity of exercising an intelligent judgment if he is capable of doing so. But we fail to find anywhere in the statute an expressed intent that an operator who, while not unconscious, is yet too intoxicated to understand the advice given him and to respond intelligently to it, shall be excused from the penalty provided therein for refusal to comply with the request that he submit to a test.

We conclude that when the advice as to the consequences of a refusal is given in the form prescribed by the statute, and the operator, though conscious, does not willingly submit and cooperate in the administration of a test, he must be deemed to have refused.

Here the evidence showed that the appellant operator was incoherent and made no intelligible response to the arresting officer's request that he submit to a chemical breath test. He was unable to sign a form which was presented to him which purported to indicate a refusal to take the test. Under those circumstances, the officer was justified in concluding that the appellant was not willing to submit to the chemical breath test. Since he was not unconscious, the officer had no authority under the statute to administer a blood test without his consent.

The Department of Motor Vehicles, after a hearing which was requested by the appellant pursuant to RCW 46.20.329, ordered his license revoked for a period of 6 months. Upon

his appeal to the superior court, this order was sustained. We are of the opinion that the court correctly construed the statute.

The judgment is affirmed.

HAMILTON, C.J., FINLEY, HUNTER, HALE, NEILL, STAFFORD, WRIGHT, and UTTER, JJ., concur.