[No. 680-2.    Division Two.    November 14, 1972.]

ALVIN C. JUNKLEY, *Respondent,* v. THE DEPARTMENT OF MOTOR VEHICLES, *Appellant.*

*Slade Gorton, Attorney General,* and *David R. Minikel, Assistant,* for appellant.

*H. M. Tollefson* (of *Tollefson & Tollefson),* for respondent.

ARMSTRONG, J.—The Department of Motor Vehicles appeals from a judgment entered in Pierce County Superior Court in favor of Alvin C. Junkley reinstating his driver's license.

This appeal raises a single issue: Does the implied consent law's requirement of a knowing and intelligent refusal to submit to a breath test preclude revocation of the license of a driver who, through a combination of medication and alcohol, is too intoxicated to understand the advice and warnings given him?

On April 21, 1970 Junkley had gone to a restaurant to eat dinner. He had at least two or three drinks, possibly more, and took an unidentified pill at approximately 6:10 p.m. The medication was prescribed by his medical doctors.

At about 9:05 p.m. that evening two Tacoma police officers found respondent's automobile in the left lane of a Tacoma street. Junkley was slumped over the wheel, the motor was running, the gearshift was in the drive position, the windshield wipers and the headlights were on, and respondent's foot was on the brake pedal. The officers detected a strong smell of alcohol on his breath and arrested him. They aroused him and assisted him to the patrol car. There they advised him of his rights and warnings under the implied consent law, RCW 46.20.308. He refused to take a chemical test of his breath. He was taken to the Tacoma Police Department where he was again advised of his rights. Again he refused to submit to a breath test.

On October 8, 1970 a hearing officer for the Department of Motor Vehicles found that respondent had refused to submit to a chemical test of his breath when requested to do so by a law enforcement officer. Pursuant to this finding the department issued an order revoking his license. In a de novo review of the hearing in superior court respon-

dent's license was reinstated, the court finding that due to the combined effect of the alcohol and medication, respondent was so highly intoxicated he was incapable of refusing to submit to a breath test.

RCW 46.20.308, the implied consent law, provides in relevant part:

> (1) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of RCW 46.61.506, to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood if arrested for any offense where, at the time of the arrest, the arresting officer has reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The test or tests shall be administered at the direction of a law enforcement officer . . . Such officer shall inform the person of his right to refuse the test, and of his right to have additional tests administered by any qualified person of his choosing as provided in RCW 46.61.506. The officer shall warn the driver that his privilege to drive will be revoked or denied if he refuses to submit to the test.
>
> . . .
>
> (2) Any person who is dead, unconscious or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn the consent provided by subsection (1) of this section and the test or tests may be administered, subject to the provisions of RCW 46.61.506.

Respondent's sole defense at the revocation hearing and at his de novo review in superior court was that the combined effect of the alcohol and medication rendered him so intoxicated that he was "in a condition rendering him incapable of refusing" to submit to a chemical test of his breath. In so doing he was relying on language in *Connolly v. Department of Motor Vehicles*, 79 Wn.2d 500, 487 P.2d 1050 (1971). *Connolly* required that if a person was to be held to have refused to have taken the test, he must have refused knowingly and intelligently.

■ In *Department of Motor Vehicles v. McElwain*, 80

Wn.2d 624, 496 P.2d 963 (1972), decided after the trial of this case, a similar defense was presented. The appellant operator was incoherent at the time of his arrest. He was so intoxicated that he could make no intelligible response to the arresting officer's request that he submit to a chemical breath test. The Supreme Court held at page 628:

> [W]e fail to find anywhere in the statute an expressed intent that an operator who, while not unconscious, is yet too intoxicated to understand the advice given him and to respond intelligently to it, shall be excused from the penalty provided therein for refusal to comply with the request that he submit to a test.

Since *McElwain* has already decided that one who is too intoxicated to understand the advice and warnings given him cannot escape the penalty, we must determine what difference, if any, exists where the intoxicated state is caused by a combination of drugs and alcohol. We conclude that there is no difference.

In *Department of Motor Vehicles v. McElwain, supra,* the court also stated at page 628:

> It was not our intent . . . [in requiring a knowing and intelligent refusal] to read into RCW 46.20.308 a provision which it does not contain. The statute does provide that the operator shall be advised, and the obvious purpose of this requirement is *to provide him the opportunity of exercising an intelligent judgment if he is capable of doing so.*

(Italics ours.)

Thus, the statute requires only that a person be given the opportunity to exercise an intelligent judgment. Junkley was given that opportunity. The record discloses that he was properly advised of his rights and warnings at the time of his arrest and again after a sobering trip to the Tacoma Police Department. Junkley's degree of intoxication, whether it be induced by drugs, alcohol or a combination of both, is a proper consideration at his trial for the crime of driving while under the influence of intoxicating liquor. His degree of intoxication is not a proper consideration in determining if the arresting officers af-

forded him the opportunity to exercise an intelligent judgment to submit or refuse to submit to a chemical test of his breath.

The judgment of the superior court is reversed. The order of the Department of Motor Vehicles revoking respondent's license is reinstated.

PETRIE, C.J., and PEARSON, J., concur.