[No. 2582-42806-1.    Division One.    August 19, 1974.]

EDDIE OWENS SHOEMAKER, *Appellant,* v. THE DEPARTMENT OF MOTOR VEHICLES, *Respondent.*

*Burns & Schneiderman* and *James D. Burns,* for appellant.

*Slade Gorton, Attorney General,* and *James R. Silva, Assistant,* for respondent.

SWANSON, C.J.—Appellant Shoemaker appeals a trial court judgment dated April 10, 1973, upholding the determination of the State Department of Motor Vehicles pursuant to RCW 46.20.308 that Shoemaker's driver's license should be suspended for 6 months because of his refusal to submit to a breathalyzer test.

The sole issue presented by this appeal is whether the appellant, at the time of his arrest, was confused about the nature of his right to counsel such that he rightfully refused to submit to a breathalyzer test prior to consulting with an attorney.

The undisputed findings of the trial court indicate that after Shoemaker was arrested on the charge of driving under the influence of alcohol, he was informed of his rights under *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), including the right to counsel, by the arresting officer. Shoemaker was allowed to make a telephone call to contact an attorney but was unable to obtain counsel at the time. During the time Shoemaker was in custody, the arresting officer advised him of the consequences of his refusing to submit to a

chemical test of his breath and otherwise informed him of his rights under RCW 46.20.308. Subsequently, Shoemaker refused to submit to the breathalyzer test without first consulting an attorney.

The only finding to which Shoemaker assigns error is finding of fact No. 7 which states:

That the petitioner's [Shoemaker's] refusal [to submit to the breathalyzer] did not result from confusion between *Miranda* and implied consent rights.

Shoemaker also assigns error to the trial court's conclusions of law to the effect that it is not the duty of an arresting officer to advise an accused that *Miranda* rights are not applicable to the accused's decision as to whether to submit to the breathalyzer test, that Shoemaker was fully advised of his rights under RCW 46.20.308, and that therefore the decision of the Department of Motor Vehicles to suspend Shoemaker's driver's license should be upheld. Shoemaker also assigns error to the trial court's failure to enter certain findings and conclusions consistent with his argument on appeal.

Shoemaker's primary contention is that the trial court's finding of fact No. 7 is not appropriate to the underlying issue as to whether or not he was confused as to the nature and extent of his right to counsel and that, in any event, as a matter of law an arresting officer is required affirmatively to explain to the accused that there is no right to counsel applicable to the decision to take the breathalyzer. We disagree.

█ █ The trial court's finding of fact No. 7 adequately indicates the underlying issue, namely, whether or not Shoemaker was confused about the relationship of *Miranda* and implied consent rights. The question of whether or not Shoemaker was confused is a factual question and, in the absence of a showing that Shoemaker objectively manifested confusion as to his right to counsel, there is no affirmative duty on the part of the arresting officer to clarify the nature of that right in the context of the implied

consent law. *Rupke v. Department of Motor Vehicles*, 81 Wn.2d 662, 504 P.2d 297 (1972); *Department of Motor Vehicles v. Riba*, 10 Wn. App. 857, 520 P.2d 942 (1974); *Strand v. Department of Motor Vehicles*, 8 Wn. App. 877, 509 P.2d 999 (1973).

In the case at bar, the trial court's finding of fact No. 7 is supported by substantial evidence and therefore is controlling of the issue presented on appeal. *Sylvester v. Imhoff*, 81 Wn.2d 637, 503 P.2d 734 (1972); *Department of Motor Vehicles v. Riba, supra*. Significantly, Shoemaker assigns error to the failure of the trial court to enter findings which indicate only a *subjective* confusion on his part as to the nature of his right to counsel; however, as this court stated in *Strand v. Department of Motor Vehicles, supra* at 883:

> When a driver clearly exhibits that he is confused or does not understand the information directed by RCW 46.20.308 to be given him by the officer, then the officer is required to further clarify the driver's alternatives and the consequences of electing one or the other. Under these circumstances, when clarification is not provided, the license of the driver may not be revoked on the ground that he refused the breathalyzer test. *The burden of showing that he made his confusion apparent to the officer and was denied further clarification is upon the driver who proposes such a defense. When such a defense is presented, a finding as to whether or not the defendant explicitly exhibited his lack of understanding and was denied clarification must be entered.*

(Italics ours.) Shoemaker directs our attention to *Rust v. Department of Motor Vehicles*, 267 Cal. App. 2d 545, 73 Cal. Rptr. 366 (1968), and other California decisions indicating that where an officer's reading of *Miranda* and implied consent rights confuses the defendant, such confusion must be allayed before the defendant may be deemed to have refused to submit to the breathalyzer. Such cases are distinguishable from the case at bench because they did not involve a valid finding, such as finding of fact No. 7, indicating that there was in fact no confusion on the part of the accused. *Department of Motor Vehicles v. Riba, supra*;

864

*Strand v. Department of Motor Vehicles, supra. See Goodman v. Orr,* 19 Cal. App. 3d 845, 97 Cal. Rptr. 226 (1971); *West v. Department of Motor Vehicles,* 275 Cal. App. 2d 908, 80 Cal. Rptr. 385 (1969); *Walker v. Department of Motor Vehicles,* 274 Cal. App. 2d 793, 79 Cal. Rptr. 433 (1969).

The judgment is affirmed.

FARRIS and CALLOW, JJ., concur.

Petition for rehearing denied October 15, 1974.
Review denied by Supreme Court December 16, 1974.