## Commonwealth v. Ferguson

*Robert C. Whitley,* for Defendant.

*Harold Kramer,* for Department of Transportation.

BROWN, *J.,* June 20, 1984—This is an appeal from the suspension of his motor vehicle operating privileges by Philip A. Ferguson, for failure to submit to a breathalyzer test to determine his blood alcohol content following his arrest on July 2, 1983.

At approximately 1:30 a.m. on that date officer Donald Schildt of the Franconia Township Police Department was driving east on Route 113 when he heard a noise coming from behind his vehicle. He looked into his rear-view mirror and saw a vehicle approaching at a high rate of speed. Schildt steered his vehicle off the road to avoid the collision and after the car had passed, gave chase and stopped the vehicle. The driver was asked for his license and owner's card. While waiting for the cards the officer detected an odor of alcohol about the driver who identified himself as Philip A. Ferguson. Ferguson was then asked and consented to performing several field sobriety tests; failing two of the three he was then placed under arrest for driving under the influence of alcohol and transported to Franconia Township Police Station.

At the station defendant was advised of his Miranda rights,[1] asked to submit to a breathalyzer test and informed of the consequences of a refusal.

---

1. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1968).

He then stated he wanted an attorney present while the test was administered. Officer Schildt handed defendant a telephone and a telephone book and for about the next hour and a half defendant attempted unsuccessfully to contact an attorney. Officer Schildt himself tried to reach the public defender's office to secure counsel for defendant without success. After that defendant was asked again if he would submit to the test. He replied he wanted an attorney present during the test. Schildt then said that was a refusal. Ferguson replied then that he would submit to the test, but Schildt said it was too late. The Department of Transportation, Bureau of Traffic Safety (Department) thereafter suspended defendant's license pursuant to section 1547(b) of the Vehicle Code.[2]

Whether a driver is capable of making a knowing and conscious refusal to take a breathalyzer test is a question of fact. In re Capozzoli, 63 Pa. Commw. 411, 437 A.2d 1340 (1981). Finding defendant's testimony credible we believe Officer Schildt's recitation of the Miranda warnings, prior to requesting defendant to submit to the breathalyzer test, together with his active participation in defendant's effort to retain an attorney, led defendant to believe he had a right to have an attorney present during the test. Of course, no such right exists,[3] but Ferguson did not know that. A clear and simple statement by the officer, following the reading of the Miranda warnings, that those rights do not apply to a breathalyzer test would have avoided the resultant

2. Act of June 17, 1976 P.L. 162 as amended, 75 Pa. C.S. § 1547.

3. Weitzel Appeal, 41 Pa. Commw. 235, 400 A.2d 646 (1979).

confusion.[4] Or he could have requested defendant to submit to the test before reciting the Miranda warnings. This too would have avoided the confusion. We find that Schildt by his words and actions inadvertently misled Ferguson and that was the cause of his refusal.

---

4. In at least eleven jurisdictions, if the motorist indicates confusion about his rights the police are duty bound to make clear that Miranda is not applicable to requests to take a breathalyzer test. See Shoemaker v. State Department of Motor Vehicles, 11 Wash. App. 860, 526 P.2d 908 (1974); Spradling v. Deimeke, 528 S.W.2d 759 (Mo. 1975); Calvert v. State Department of Revenue, Motor Vehicle Division, 184 Colo. 214, 519 P.2d 341 (1974); State Department of Highways v. Beckley, 291 Minn. 483, 192 N.W.2d 441 (1971); Wiseman v. Sullivan, 190 Neb. 724, 211 N.W.2d 906 (1973); Swan v. Department of Public Safety, 311 So.2d 498 (La. App. 1975); Muir v. Cox, 611 P.2d 384 (Utah 1980); Swenumson v. Iowa Department of Public Safety, 210 N.W.2d 660 (Iowa 1973); Rust v. Department of Motor Vehicles, 267 Cal. App.2d 545, 73 Cal. Rptr. 366 (1968); State v. Severino, 56 Haw. 378, 537 P.2d 1187 (1975); Graham v. State, 633 P.2d 211 (Alaska 1981).