VAUGHN, *Respondent,*
*v.*
MOTOR VEHICLES DIVISION, *Appellant.*
(No. 22589, CA 5366)
550 P2d 477

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Kenneth E. Shetterly,* Dallas, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Lee, Judges.

LANGTRY, J.

**LANGTRY, J.**

The Motor Vehicles Division (Division) has appealed from a circuit court order overruling Division's demurrer to a petition challenging its revocation of a driver's license and a subsequent order setting aside an order of suspension of a driver's license.

The petition alleged that the order of suspension of the petitioner's driver's license was erroneous because the police officer's report upon which it was based "does not comply with the provisions of ORS 483.634 subsection 2(b) [now ORS 487.805(2)(b)[1]] in that it fails to state facts showing that the police officer had reasonable grounds to believe that the petitioner had been driving a motor vehicle while under the influence * * *." The Division's demurrer asserted that this is not an issue set forth in ORS 482.550(2)(a) through (e) upon which Division action can be contested in a hearing or upon an appeal from the hearing order to a de novo trial in circuit court. *See* ORS 482.550 and 482.560. The statutory issues upon which such an appeal can be heard are: (a) whether the person was under arrest for driving while intoxicated; (b) whether the officer had reasonable ground to believe the person was driving under the influence; (c) whether the person refused to submit to a breathalyzer test; (d) whether such a person was informed of the consequences of his refusal; and (e) whether such person was informed of his rights as provided for in ORS 487.810. The one of these in question at bar is (b), above and note 1. The narrow question raised here is whether the officer, under ORS 487.805(2)(b), *must state facts* in

---

[1] ORS 483.634 was renumbered as ORS 487.805 after amendment by Oregon Laws 1975, ch 451, § 149. ORS 487.805(2)(b) in material part for the question at bar provides:

"(2) If a person * * * refuses the * * * test * * * the police officer shall prepare a sworn report of the refusal * * * to be delivered to the division. The report shall disclose:

"* * * * *

"(b) Whether the police officer had reasonable grounds to believe * * * that the person * * * had been driving under the influence * * *."

the report which are a basis for a reasonable belief. This is not necessary to meet the requirements of ORS 487.805(2)(b). All that is necessary is that the report *include a statement that he had a resonable basis for the belief.* At the hearing, under ORS 482.550(2), one question then becomes whether the officer "had reasonable grounds to believe" the defendant was intoxicated while he drove. The facts forming the basis for his belief may then be inquired into.

In coming to its conclusion the trial court reasoned that in *Andros v. Dept. of Motor Vehicles,* 5 Or App 418, 485 P2d 635 (1971), this court had considered whether the report filed by the officer was a sworn report as required by the statute. This is not one of the issues enumerated in ORS 482.550(2)(a) through (e). The trial court noted that the Kansas Supreme Court in *Wilcox v. Billings,* 200 Kan 654, 438 P2d 108 (1968), reversed a revocation of driver's license under a similar statute where it was disclosed at the Kansas district court trial that the report was unsworn. Upon the basis of these precedents the court concluded that there is little distinction between the question of whether the report meets the statutory requirement of probable cause as opposed to whether it is a sworn report at all, and overruled the demurrer.

At first blush, this appears to have been a reasonable conclusion. However, a review of Kansas cases discloses that we might not expect the same result in Kansas. In *Wilcox* the Kansas court cited *Lira v. Billings,* 196 Kan 726, 414 P2d 13 (1966), which the Oregon Supreme Court cited with approval in *Burbage v. Dept. of Motor Vehicles,* 252 Or 486, 450 P2d 775 (1969). In *Lira* the court had said that under KSA 8-259(a) and 8-1001 it was provided that the Kansas vehicle department must provide " 'the person an opportunity to be heard on the issue of the reasonableness of his failure to submit to the test * * *.' " 196 Kan at 728. Thereafter, that person was allowed a de novo appeal to district court. The court held that the *only* issue that could be raised on that appeal was the

reasonableness of the officer's belief in the person's having driven while intoxicated. The court in *Wilcox* stated *that it continued to adhere to its holding in Lira* but nevertheless it held, when it appeared during the hearing in district court that the officer's report was unsworn:

> "* * * [W]e cannot agree with appellee's further contention a reviewing court is powerless to act where administrative officials ignore prescribed procedures * * *." 200 Kan at 656.

It said the courts are always open to hear meritorious complaints against illegal acts of nonjudicial boards and officials, citing *Klassen v. Regier,* 195 Kan 61, 63, 403 P2d 106 (1965). It went on to hold that the statutory requirement that a police officer swear to his report in an intoxicated driving case is mandatory and that the legislature could not have intended that a driver's license could be revoked on the basis of an unsworn statement. Thus, while it said that the only issue that can be raised in the appeal is the reasonableness of the officer's belief in the law violation (not whether his report recited facts sufficient to form a reasonable belief), when the whole procedure is dependent on a sworn statement, it will be dismissed when it appears it has not been sworn to. This is akin to the situation where a court may be limited to certain issues in a given type of case, but nevertheless it must always consider challenges to its jurisdiction.

We believe the same rationale is applicable to the interpretation of the Oregon statute. This is a reason why, in *Dotson v. Motor Vehicles Div.,* 25 Or App 393, 549 P2d 1143 (1976), where the officer's report was unsworn, we came to the same result as did the Kansas court. This does not in any way enlarge the issues to be tried under ORS 482.550(2), and, regardless of what is said in the dissenting opinion, we do not so hold. We conclude that the demurrer should have been sustained.

Reversed and remanded.

**SCHWAB, C. J.,** specially concurring in part and dissenting in part.

As I read it, the Division's demurrer was based upon two grounds: (1) whether a report complies with what is now ORS 487.805(2) is not an issue that can be raised upon an appeal from an order suspending a driver's license; and (2) if, as an abstract matter, such an issue can be raised, the present petitioner failed to state a cause of action in his allegation that the specific report failed to state facts showing the officer had probable cause to believe this petitioner was driving under the influence. As I understand it, the majority opinion holds: (1) such an issue can be raised (agreeing with the trial court); but (2) the present petitioner failed to state a cause of action (reaching an issue not reached by the trial court).

I join the first holding solely because I feel it is compelled by *Dotson v. Motor Vehicles Div.,* 25 Or App 393, 549 P2d 1143 (1976), in which I dissented. In *Dotson* this court held that whether a report was properly signed is an issue that can be raised on appeal. If we are going to permit drivers to litigate the form of a report, it follows that we must permit drivers to litigate the contents of a report. But were it not for the authority of *Dotson,* I would hold that both the form and contents of a report are irrelevant to the validity of a suspension based not upon a report, but upon sworn testimony at an administrative hearing.

I dissent from the second holding—that the report need allege no facts, only an officer's belief that a person was driving under the influence—because it seems inconsistent with the rationale of *Dotson.* The relevant statutory language provides: "The report *shall disclose* * * * [w]hether the police officer had reasonable grounds to believe * * * that the person refusing to submit to the [breathalyzer] test had been driving under the influence of intoxicants * * *." ORS

487.805(2)(b). (Emphasis supplied.) The majority's rationale in *Dotson* was:

"* * * Where such substantial consequences follow the submission of the report, we think it clear that the legislature included the requirement that the reports be sworn to provide some protection, however minimal, that the reports are not specious." 25 Or App at 397.

It seems to me that allowing a mere statement of belief, devoid of any factual basis, to produce "such substantial consequences" provides absolutely no protection and cannot be reconciled with *Dotson.*

This becomes even more apparent in light of the specific report in this case. A printed portion of the report referred to the arresting officer's

"* * * reasonable grounds to believe that the above named person had been driving while under the influence of intoxicating liquor * * * based on the following facts * * *."

This is followed by a blank space on the form in which the arresting officer wrote: "Not observed (vehicle in Ditch)." There is absolutely no statement of fact that petitioner had been *driving* under the influence, as should be required by ORS 487.805(2)(b) interpreted in light of *Dotson.*

I fear that *Dotson* and the disposition it should produce here will transform this kind of proceeding into a contest about what was reported as happening, rather than an inquiry into what did happen. I think that is undesirable, but it seems clearly compelled by the authority of *Dotson.*

Perhaps there is concern about the possibility of a license suspension being based on an inadequate report. If so, we should wait to resolve that problem until a case arises where the suspension was based on a report. However, here, as in *Dotson,* the suspensions were based on sworn testimony at an administrative hearing. I continue to think it would have been better if we had held in *Dotson* that the form and content of the report are irrelevant in such situations.