The STATE of Utah, Plaintiff and Appellant,

v.

Thomas Michael MANSFIELD, Defendant and Respondent.

No. 15375.

Supreme Court of Utah.

Feb. 28, 1978.

---

Robert B. Hansen, Atty. Gen., Salt Lake City, O. Dee Lund, Box Elder County Atty., Jon J. Bunderson, Deputy Box Elder County Atty., Brigham City, for plaintiff and appellant.

Grant M. Prisbrey, Salt Lake City, for defendant and respondent.

ELLETT, Chief Justice:

The respondent was charged in the City Court of Brigham City, Utah, with the crime of driving 70 miles per hour on the highways of this state in violation of a resolution adopted by the State Road Commission. At the trial in the city court he was convicted and appealed the case to the district court where the state undertook to amend the complaint, charging that the respondent drove 70 miles per hour in violation of a proclamation issued by the Governor of Utah. The court permitted the amendment and respondent filed a Motion to Dismiss. The court granted the motion and entered its Judgment of Dismissal on the ground that as a matter of law, the proclamation of the Governor had no binding force and effect. The State now appeals from the judgment in favor of respondent.

While the matter is not raised by either party on this appeal, there are two reasons why the dismissal must stand. In the first place, a complaint on appeal from a city court cannot be amended in the district court. The district court has only derivative jurisdiction and, therefore, if the complaint was faulty in the city court, it remains faulty on appeal.[1]

In the second place, the amended complaint filed in the district court was never signed by any complaining witness and a person can only be tried for a misdemeanor on a complaint duly signed and sworn to before a magistrate.[2]

The reason why the state desired to amend the complaint was because this Court had held in the case of State v. Foukas[3] that the resolution adopted by the State Road Commission was void and of no force and effect.

It is not necessary to consider the point raised on this appeal, to wit: the constitutionality of the proclamation of the Governor. That matter is dealt with in a companion case decided at this term of Court, viz: State in the Interest of David Prisbey, a person under eighteen years of age.[4]

Since the district court had no jurisdiction to try the respondent on the amended complaint, it properly granted respondent's Motion to Dismiss and that judgment is hereby affirmed. No costs are awarded.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.

---

1.  *Spangler v. District Court*, 104 Utah 584, 140 P.2d 755 (1943).

2.  U.C.A., 1953, 77–57–2, 78–4–16.

3.  Utah, 560 P.2d 312 (1977).

4.  Utah, 576 P.2d 1278 (1978).