State of Utah In the Interest of PRIS-
BREY, David (6/3/59), a person
under eighteen years of age.

No. 15312.

Supreme Court of Utah.

Feb. 28, 1978.

Grant M. Prisbrey, Salt Lake City, for appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Frederic M. Oddone, Deputy City Atty., Salt Lake City, for respondent.

ELLETT, Chief Justice:

The appellant, Prisbrey, drove an automobile in excess of 55 miles per hour on the highways of this state and was arrested and charged with the violation of a proclamation of the Governor. On appeal he raises the constitutionality of the proclamation and claims that it is no longer in effect.

In the case of *State v. Foukas*[1] we held that the proclamation was a valid exercise of authority granted to the Governor and that those who drove in excess of 55 miles per hour could be prosecuted for the violation thereof. Aside from the proclamation of the Governor, the maximum speed on Utah highways is 60 miles per hour.[2]

Since this Court has held the proclamation to be constitutional, the only defense that can be raised by the appellant is that the validity of the proclamation has expired by reason of the passing of the national emergency which gave rise to the proclamation in the first place.

U.C.A., 1953, 41-6-46(4) provides that in time of national emergency and upon recommendation of the federal authorities, the Governor may, by proclamation, change the speed on the highways to conform to such recommendations. The Governor's procla-

---

1. Utah, 560 P.2d 312 (1977).

2. U.C.A., 1953, 41-6-46(2)(c).

mation contained the following preliminary language:

WHEREAS, Section 41–6–46(4), Utah Code Annotated 1953 provides as follows:

'Provided, that the governor by proclamation, in time of war or national emergency, may upon recommendation of the federal authorities, change the speed on the highways of the state, to conform to such recommendations.'

; and

WHEREAS, the President of the United States, pursuant to authority granted to him by legislation enacted by the United States Congress (H.R. 11372) has declared the existence of conditions which constitute a national emergency in regard to motor vehicle fuel and has established a policy pursuant to such legislation requesting all states to establish a maximum speed limit on highways within each state of 55 mph; . . .

Counsel for appellant argues that with the enactment by Congress of a national, maximum speed limit law (Public Law 93–643), the Emergency Highway Energy Conservation Act (Public Law 93–239) nullified the effectiveness of the Governor's proclamation.

■ Our problem is to decide when a validly issued proclamation comes to an end and ceases to be effective. It would appear that it could terminate in one of three ways, to wit:

(a) When the Governor causes it to end by proclamation;

(b) When the Legislature terminates it by statute; and

(c) When the Supreme Court holds that circumstances have so changed that it can no longer be said to serve any useful purpose.

■ There has been no effort made under (a) or (b) above to terminate the effect of the proclamation; therefore, the appellant would have this Court do a bit of legislating of our own. We would assume that since it is not within our constitutional power to declare martial law or speed limits, it is also not within our power to dissolve a proclamation duly issued by the Governor, absent a clear showing of the need therefor so as to be obvious to the rank and file of the inhabitants of this state.

The proclamation was issued at the instance of the President of the United States, one of the federal authorities mentioned in the statute[3] who can give the Governor the authority to comply with a recommendation made by the "federal authorities." Another arm of the federal authority referred to in that statute would be the Congress of the United States.

True it is that the proclamation was made in order to conserve our dwindling supply of energy-producing natural resources. Those natural resources have not increased, and many people have to curtail their use in order to have enough fuel in the wintertime. The need for conservation is still with us, and the federal authorities, through Congress, have enacted national legislation providing for a national maximum speed upon the highways of 55 miles per hour.

There is no question but that as cars are driven at increased speeds, the efficiency of the vehicle in miles per gallon is reduced. Therefore, by driving at the modest speed of 55 miles per hour or less, the motorist is using less gasoline than he would use at a greater speed.

The federal government has placed the western states, including Utah, in a delicate position by withholding funds for road construction and repair unless the 55 miles per hour maximum speed is required by law. These states have scant population and great distances between towns and ranches. However, even though the cost of road construction and repair is much greater per person here than it is in smaller or more populous states, that cannot be a factor in deciding this case.

**3.** U.C.A., 1953, 41–6–46(4).

 We do not believe that the emergency which prompted the proclamation in the first place has so radically changed that our interference could be justified. Rather, we think it would be more appropriate for the Legislature of this state to consider the matter and if it deems proper, to declare by statute that the proclamation is no longer of any force and effect. The Court will not substitute its own judgment in this matter. We, therefore, hold that on December 2, 1976, the date of appellant's arrest, the proclamation limiting speed to a maximum of 55 miles per hour was still in full force and effect.

The judgment is affirmed. No costs are awarded.

CROCKETT and HALL, JJ., concur.

WILKINS, Justice (dissenting).

I respectfully dissent.

The appellant was charged with a speeding violation on December 2, 1976. He claims, inter alia, that the gubernatorial proclamation of January 2, 1974, setting the speed limit at 55 miles per hour expired prior to the date of December 2, 1976, and therefore he should not have been found guilty of a violation emanating from a speed limit set by this proclamation. I agree.

In *State v. Foukas*, Utah, 560 P.2d 312 (1977) where this Court held this proclamation valid under the Emergency Highway Energy Conservation Act (Public Law 93–239) and Utah Code Ann., 1953, Sec. 41–6–46(4), we did not decide when the gubernatorial emergency powers in this matter should end. On this very point, I believe these powers ended when Public Law 93–239, ante, which triggered and authorized the invocation of these powers, expired, viz., June 30, 1975.

MAUGHAN, J., concurs in the views expressed in the dissenting opinion of WILKINS, J.