Argued March 1, reversed April 3, reconsideration denied May 3,
petition for review denied July 6, 1978

BLACKBURN, *Respondent,*
*v.*
MOTOR VEHICLES DIVISION, *Appellant.*
(No. 7056, CA 8422)
576 P2d 1267

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for appellant. On the brief were James A. Redden, Attorney General, W. Michael Gillette, Solicitor General and Al J. Laue, Assistant Attorney General, Salem.

Wendell Gronso, Burns, argued the cause for respondent. With him on the brief was Stephen D. Finlayson, Burns.

Before Schwab, Chief Judge, Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The Motor Vehicles Division (Division) appeals from the order of the circuit court which reversed the order of the Division suspending petitioner's operator's license for refusal to take a breathalyzer test.

The circuit court reversed the suspension order on the ground the "sworn report" filed with the Division by the arresting officer pursuant to ORS 487.805(2) was not sworn to by the officer. The trial court's ruling was based on our decision in *Dotson v. Motor Vehicles Div.,* 25 Or App 393, 549 P2d 1143 (1976).

The Division raises two issues in this appeal. First, the Division contends a challenge to the "sworn report" is beyond the scope of a hearing on the validity of a license suspension. The Division cites ORS 482.550(2) which provides the scope of the hearing shall be limited to certain specified issues, which do not include the validity of the "sworn report."

ORS 482.540(1) provides that upon receipt of the officer's "sworn report" the Division *shall,* after notice, suspend the license of the reported person if no request for a hearing is filed in the time allowed. ORS 482.540(2). If a request for hearing is timely filed the suspension does not go into effect until after the hearing. ORS 482.540(2). There is a provision for de novo review of the suspension order in the circuit court, ORS 482.560.

The entire process toward suspension for refusal to take a breathalyzer test is initiated by the "sworn report." Without this report the Division has no authority to commence the suspension process. The sworn report is, in essence, the basis of the Division's authority to consider suspension. It is thus a jurisdictional requirement. *See Wilcox v. Billings,* 200 Kan 654, 438 P2d 108 (1968); *Dawson v. Secretary of State,* 44 Mich App 390, 205 NW2d 299 (1973); *Metcalf v. Dep't of Motor Vehicles,* 11 Wash App 819, 525 P2d 819

(1974). Irregularities in the functioning of administrative bodies are cognizable in reviewing the agency's action. The particular irregularity in the sworn report was brought to the attention of the circuit court in the petition for review and was properly subject to litigation, although not an issue specified in ORS 482.550(2).

Although this precise issue has not previously arisen in the appellate courts of this state it has been assumed in a number of cases that issues outside the scope of the hearing set out in ORS 482.550(2) are proper subjects of review. *Garcia v. Dept. of Motor Vehicles,* 253 Or 505, 456 P2d 85 (1969); *Heer v. Dept. of Motor Vehicles,* 252 Or 455, 450 P2d 533 (1969); *Fiala v. Motor Vehicles Div.,* 30 Or App 589, 567 P2d 603 (1977); *Dotson v. Motor Vehicles Div., supra; Andros v. Dept. of Motor Vehicles,* 5 Or App 418, 485 P2d 635 (1971).

It is unnecessary in this appeal to define the outer limits of the scope of de novo review in the circuit court of a Division suspension order. Suffice it to say we hold a challenge to regularity of the sworn report is cognizable.

4.   The second issue raised by the Division is that the court erred in holding the purported "sworn report" of the arresting officer was invalid because the officer did not raise his hand and take an oral oath or otherwise orally aver to the truth of the report. The officer arrested petitioner for driving under the influence of intoxicating liquor, the former ORS 483.992.[1] The petitioner refused to submit to a breathalyzer test and the officer filled out the "sworn report" required in the former ORS 483.634(2). The officer testified that he signed the report in the presence of a notary but did not raise his hand and swear to the report or discuss its contents with the notary. His signature was notarized and a notarial seal was affixed to the document.

---

[1]The arrest occurred November 22, 1975, prior to the effective date of the amended Motor Vehicle Code.

We reviewed this issue on identical facts in *Dotson v. Motor Vehicles Div., supra,* and held the report was not a "sworn report." In order to sustain the Division's position in this case it would be necessary to overrule *Dotson.* We have reviewed the decisional and conceptual basis of *Dotson* and now determine we were in error. *Dotson* is overruled.

5. In *Dotson* we said:

> "While the swearing need not be that formal procedure employed in courts of law to swear witnesses, it is necessary that there at least be a positive statement by the officer that the report contains the truth. *Andros v. Dept. of Motor Vehicles.* [5 Or App 418, 430, 485 P2d 635 (1971)]." 25 Or App at 396.

*Andros* involved suspension of the petitioner's operator's license for refusal to take a breathalyzer test. The arresting officer had not raised his hand and taken an oral oath, but had discussed the report with the notary and stated it was a truthful statement. We noted in *Andros* that ORS 44.330, which provides:

> "An oath may be administered as follows: The person who swears holds up his hand, while the person administering the oath addresses him: 'You do solemnly swear that the evidence you shall give in the issue (or matter) now pending between _____ and _____ shall be the truth, the whole truth, and nothing but the truth, so help you God.' If the oath is administered to any other than a witness, the same form and manner may be used"

does not set forth mandatory requirements for an oath. The word "may" in the statute cannot be read as "shall" because it would conflict with Art I, § 7, Oregon Constitution, which provides:

> "The mode of administering an oath, or affirmation shall be such as may be most consistent with, and binding upon the conscience of the person to whom such oath or affirmation may be administered." *See State v. Collier,* 23 Wash 2d 678, 162 P2d 267 (1945).

Under this constitutional provision we held the oath necessary for a sworn report

> "* * * could either be administered by the notary to the affiant or 'asseveration must be made to the truth of

the matters contained in the affidavit, by the party making it, to the officer, with his sanction.' To asseverate means to affirm or aver positively or earnestly. * * *" 5 Or App at 429-30.

We did not, however, in *Andros* mean to set forth an absolute minimum requirement for an oath.

■ We now join those jurisdictions which hold that merely signing a form of affidavit in the presence of a notary or an official authorized to administer an oath is sufficient. *Wall v. Democratic Rep. Dist. Com. for Dist. 15,* 317 So2d 308 (La App 1975); *Plauche-Locke Securities, Inc. v. Johnson,* 187 So2d 178 (La App 1966); *Agnew v. Hjelle,* 216 NW2d 291 (N.D. 1974); *State v. Lewis,* 85 Wash 2d 769, 539 P2d 677 (1975); *McLeod v. Motor Vehicles,* 16 Wash App 400, 556 P2d 563 (1976); *Atwood v. State,* 146 Miss 662, 111 So2d 865, 51 ALR 836 (1927); *Cole v. State,* 92 Okla Cr 316, 223 P2d 155 (1950); *see also* 67 CJS 8, Oaths and Affirmations § 6 (1950); *contra, Dawson v. Secretary of State, supra.*

In *Dawson v. Secretary of State, supra,* the court held that under the Michigan statute respecting the form of an oath it is required that an affiant hold up his hand and take an oral oath. This case is thus distinguishable under the Oregon statute which makes no such requirement. *Andros v. Dept. of Motor Vehicles, supra.*

A review of some of the cases cited above will indicate how this principle has been applied. *Wall v. Democratic Rep. Dist. Com. for Dist. 15, supra,* involved a declaration of candidacy for elective office. The court noted the failure of the candidate to raise his hand or otherwise orally aver to the truth of the documents' contents would not invalidate it. However, the declaration was declared invalid because the candidate did not sign in the presence of a notary.

*Plauche-Locke Securities, Inc. v. Johnson, supra,* upheld an "appraisers oath" in a suit for deficiency

judgment on foreclosure of a secured note. The appraiser had merely signed in the presence of a notary with no other formal assertion that the appraisal report was true.

*Agnew v. Hjelle, supra,* upheld a "sworn report" submitted for suspension of an operator's license under the North Dakota "Implied Consent" law. The arresting officer had signed in the presence of a notary two days following the arrest but observed no formality in taking an oath. The Washington court in *McLeod v. Motor Vehicles, supra,* likewise upheld a "sworn report" on facts identical to those involved in this case.

In *State v. Douglas,* 71 Wash 2d 303, 428 P2d 535 (1967), the court applied the principle to uphold a search warrant where the affiant on the affidavit merely signed in the presence of a court commissioner who was authorized to administer an oath. To the same effect *see Atwood v. State* and *Cole v. State,* both *supra.*

The defendant in *State v. Lewis, supra,* was convicted of perjury based upon his false affidavit signed in the presence of a motor vehicles department clerk who then had it notarized. The conviction was upheld despite the fact that the defendant did not raise his right hand or otherwise affirm the truth of the matter contained in the affidavit. The court cited a Washington statute, RCW 9.72.050, which states:

> "It shall be no defense to a prosecution for perjury that an oath was administered or taken in an irregular manner * * *."

The court held that failure to sign and swear in the presence of a notary was an irregularity covered by the statute.

The general tenor of these cases is that the affiant, by appearing in front of a notary and signing a document in the form of an oath, aware that it is to be accepted and processed as a sworn document, has sufficiently "bound his conscience" to constitute the procedure as an oath.

[ 403 ]

The officer in this case signed the document titled "SWORN REPORT" which began with the statement "I, [arresting officer], being first duly sworn, depose and say: * * *" and concluded with the statement above the notary's signature, "Subscribed and sworn to before me * * *." The document was signed in the presence of a notary and notarized. Under these facts the procedure was sufficient to constitute the report as a "sworn report."

We note ORS 162.095 lends support to this holding. That statute provides:

"It is no defense to a prosecution for perjury or false swearing that:
"* * * * *
"(2) The oath or affirmation was taken or administered in an irregular manner * * *
"* * * * *."

It would appear the officer in this case could be held criminally liable for "false swearing," ORS 162.075, if the statements in his report were knowingly false. *See State v. Lewis, supra.* It would be anomalous to impose criminal liability on the arresting officer based on this report and at the same time hold the report was not sufficient to support suspension of petitioner's license under the implied consent law. *See also State v. Douglas, supra.*

The petitioner raised three issues in his petition for review filed in the circuit court: (1) that he was not placed under arrest prior to being requested to take a breathalyzer test, (2) that he did not refuse to take the test and (3) the officer's report was not a sworn report. The court specifically found adversely to petitioner on the first two issues in the petition. The facts with reference to the execution of the sworn report are not in dispute. In that posture the determination of the legal effect of the procedure followed is one of law. Since we determine as a matter of law that the arresting officer's report was a sworn report, all three

points are determined adverse to petitioner. Accordingly, the judgment of the court is reversed with instructions to enter an order affirming the suspension of petitioner's operator's license.

Reversed.