In the Matter of the Refusal to
submit to a breath test by

## LUCAS,
*Respondent,*

*v.*

## STATE OF OREGON,
## MOTOR VEHICLES DIVISION,
*Appellant.*

## (No. 111982, CA A20576)

639 P2d 1306

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Elton T. Lafky, Salem, argued the cause for respondent. With him on the brief was Phillip Swogger, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

The Motor Vehicles Division (MVD) appeals from an order of the circuit court which reversed an order of MVD suspending petitioner's operators license for refusal to take a breathalyzer test. We reverse.

The circuit court reversed the suspension order on the ground that the police officers' "sworn report" was invalid. ORS 487.805(3) provides, in pertinent part:

"If a person refuses a chemical test under subsection (2) of this section, the police officer shall prepare a sworn report of the refusal and cause it to be delivered to the division. * * *"

The facts are not in dispute. After his arrest by Deputy Sheriff Kurtz, petitioner refused the breath test at the Salem Police Department. Officer Watson, who was to administer the test, completed a one page form titled "sworn report" and signed it before a notary public. Later the same night, Kurtz inserted additional handwritten information on the face of Watson's report and typed a narrative statement on the reverse side. On the face of Watson's report and near the bottom, Kurtz attached a form for his signature and that of a notary public. Kurtz signed the attached form before another notary. At the hearing in circuit court each officer testified as to the accuracy and truthfulness of his respective statements contained in the report. The form as described was the "sworn report" that initiated the license suspension process with MVD. ORS 482.540.

■ ■ The sworn report is a jurisdictional requirement. Without the report MVD is without authority to order a suspension. *Blackburn v. Motor Vehicles Div.,* 33 Or App 397, 576 P2d 1267 (1978). The report required by ORS 487.805(3), *supra,* is one that must be signed and sworn to before a notary public or other official authoritized to administer an oath. *Blackburn v. Motor Vehicles Div., supra,* at 402; *Dotson v. Motor Vehicles Div.,* 25 Or App 393, 549 P2d 1143, *rev'd on other grounds,* (1976); *Andros v. Dept. of Motor Vehicles,* 5 Or App 418, 485 P2d 635 (1971).

■ In the present case neither officer swore to the truth of the other officer's statements in the "sworn report." The officers did not simultaneously prepare the

report, nor did they sign it before the same notary. The report was sworn to only in part by each officer. We believe, however, that the document did rise to the level of a "sworn report" as contemplated by ORS 487.805(3). The report prepared and signed by officer Watson was complete upon its face. It contained all of the essential statements and declarations that are required by ORS 487.805(3). The fact that the deputy later inserted additional statements in the report did not cause Watson's report to be legally insufficient to confer jurisdiction on MVD.

Reversed and remanded for trial.