Submitted on record and briefs November 4, 1994, reversed and remanded with instructions January 25, 1995

In the Matter of the Suspension of
the Driving Privileges of

Anthony George ADAMS,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(93-2967CV; CA A82932)

888 P2d 1078

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Michael C. Livingston, Assistant Attorney General, filed the brief for appellant.

Phil Studenberg filed the brief for respondent.

Before Warren, Presiding Judge, and Richardson, Chief Judge, and Landau, Judge.

WARREN, P. J.

## WARREN, P. J.

■    In this implied consent case, Motor Vehicles Division (MVD) appeals the circuit court's judgment reversing its order suspending petitioner's driving privileges after he refused to take a chemical breath test following his arrest for DUII. ORS 813.410. Although this is an appeal from a judgment of the circuit court, we review MVD's order. *Oviedo v. MVD*, 102 Or App 110, 113, 792 P2d 1244 (1990). We review for substantial evidence and errors of law, ORS 813.450(4), and reverse.

After Officer Kelly arrested petitioner for DUII, petitioner refused to take a chemical breath test. At the MVD hearing, petitioner challenged the sufficiency of the evidence about whether he had been informed of his rights and of the consequences of failing to take that test (rights and consequences). Kelly testified, in part:

"[Hearings Officer:]   After you arrested [petitioner] where did you take him?

"[Kelly:]   I took him to the Klamath County Jail.

"[Hearings Officer:]   Okay. And did you prepare this document, the Implied Consent form that's been marked as Exhibit 5?

"[Kelly:]   Yes * * *.

"[Hearings Officer:]   Okay. Did you advise [petitioner] of his rights and consequences under the Oregon Implied Consent Law?

"[Kelly:]   I'm going to have to think about that. There are two [drivers who were arrested in the same incident for DUII] and I advised one and Corporal Pollock advised the other one. I'm not sure which one was which. I think Corporal Pollock advised [petitioner] of the Implied Consent Law on the back of the form.

"* * * * *

"[Hearings Officer:]   Okay. Did you talk to Corporal Pollock about it?

"[Kelly:]   Yes.

"[Hearings Officer:]   And what did Corporal Pollock tell you?

"[Kelly:]   He told him — he told me that he read the back of the form to [petitioner] and [he] refused the test.

"[Hearings Officer:] Well, when Corporal Pollock told you he read the back of the form, what — did he mean the back of the Implied Consent form?

"[Kelly:] Yes * * *.

"* * * * *

"[Kelly:] I specifically asked him if he had read [petitioner] the Rights and Consequences and he said yes.

"[Hearings Officer:] And you * * * heard part of it?

"[Kelly:] I heard part of it, yes.

"* * * * *

"[Hearings Officer:] Did you recognize the language that you heard as being the language that's printed on the back of the Implied Consent form?

"[Kelly:] Yes * * *."

MVD specifically found that petitioner had been informed of his rights and consequences, pursuant to ORS 813.100[1] and ORS 813.130,[2] and suspended his driving privileges. Petitioner appealed to circuit court and it vacated the order. MVD seeks a reversal of the circuit court's judgment and reinstatement of the order.

■ MVD argues that substantial evidence supports the hearings officer's finding that petitioner was informed of his rights and the consequences of refusing to take the breath test. Petitioner argues that MVD erred as a matter of law in suspending his driving privileges, because Kelly was not the

---

[1] ORS 813.100 provides, in part:

"(1) Any person who operates a motor vehicle upon premises open to the public or the highways of this state shall be deemed to have given consent, subject to the implied consent law, to a chemical test of the person's breath, * * * for the purpose of determining the alcoholic content of the person's blood if the person is arrested for driving a motor vehicle while under the influence of intoxicants in violation of ORS 813.010 or of a municipal ordinance. * * *

"* * * * *

"(3) If a person refuses to take a test under this section * * * the person's driving privileges are subject to suspension under ORS 813.410 * * *."

[2] ORS 813.130 establishes specific requirements for information about rights and consequences for purposes of ORS 813.100 and ORS 813.410, and provides, in part:

"(2)(a) Driving under the influence of intoxicants is a crime in Oregon * * *. If the person refuses a [chemical breath] test * * *, evidence of the refusal * * * may be offered against the person."

officer who informed him of his rights and consequences, yet Kelly affirmed on the implied consent form that petitioner was, in fact, given that information. In support of that argument, petitioner cites cases that construed an earlier statute that required the officer who witnessed a driver's refusal to take a chemical breath test to make a sworn statement about that refusal. Those cases are not controlling. ORS 813.130 requires only that a driver who refuses to take a chemical breath test be given specific information about the driver's rights and the consequences of that refusal. There is *no* authority for the proposition that, under ORS chapter 813, the officer who reports that a driver has been read the rights and consequences must be the same officer who actually gave that information to the driver.

██  Here, Kelly testified in detail that Pollock informed petitioner of his rights and consequences, pursuant to ORS 813.130. Hearsay testimony can constitute substantial evidence in the record to support the hearing officer's findings. *Hause v. MVD*, 127 Or App 421, 424, 873 P2d 374 (1993), *rev den* 319 Or 281 (1994). Further, Kelly testified that he heard part of the conversation in which Pollack gave the required information to petitioner. We conclude that the record provides substantial evidence that petitioner was informed of his rights and consequences before he refused to take a chemical breath test.

Reversed and remanded with instructions to enter order of suspension. *Wimmer v. MVD*, 83 Or App 268, 730 P2d 1297 (1986).