Argued and submitted October 5, 1999, reversed and remanded May 17, 2000

In the Matter of the Suspension of
the Driving Privileges of

Michael Howard BASILE,
*Respondent,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES BRANCH (DMV),
*Appellant.*

(C980262CV; CA A103329)

1 P3d 481

Kelly Knivila, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance by respondent.

Before Haselton, Presiding Judge, and Wollheim and Brewer, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

■ In this implied consent case, the Oregon Department of Transportation, Driver and Motor Vehicles Services Branch (DMV), appeals the circuit court's judgment setting aside its order suspending petitioner's driver's license after he refused to take a chemical breath test following his arrest for driving under the influence of intoxicants (DUII). ORS 813.410. Although this is an appeal from a judgment of the circuit court, we review DMV's order. *Adams v. MVD*, 132 Or App 431, 433, 888 P2d 1078 (1995). We review for substantial evidence and errors of law, ORS 813.450(4), and reverse the trial court's judgment setting aside DMV's suspension order and remand with instructions to enter an order of suspension. *Id.* at 435 (citing *Wimmer v. Motor Vehicles Div.*, 83 Or App 268, 269, 730 P2d 1297 (1986)).

The issue on appeal is whether petitioner received adequate notice of his rights and consequences as provided in ORS 813.130 with regard to the length of his license suspension for refusing to take a breath test. We recite the facts relevant to that issue as found by the administrative law judge (ALJ) that are supported by substantial evidence.

In January 1998, Deputy Bailey arrested petitioner for DUII. After transporting petitioner to the police station, Bailey brought him into the Intoxilyzer room and advised him of his rights and consequences. The implied consent form is a combined form containing the police report required by ORS 813.100(3)(d) and the written notice of intent to suspend a driver's license required by ORS 813.100(3)(b). On the front of the form is a checklist, A-H, which describes the basis for the license suspension, *i.e.,* breath test failure or test refusal, and the exact length of that suspension. The rights and consequences section is on the back side of the form and contains the following paragraph:

"(c) Your driving privileges will not be suspended if you submit to any test requested and do not fail. *If you refuse a test or fail a breath or blood test, your driving privileges are subject to suspension for each test refusal or failure.* The outcome of a criminal charge for driving while under the influence of intoxicants will not affect the implied consent suspension(s). *Suspension for refusing a test is substantially*

*longer than suspension for failing a test.* The suspension period will also be increased if, within the last 5 years, you have been convicted of DUII, you have had your driving privileges suspended under the Motorist Implied Consent Law, or you have participated in a DUII diversion or similar program. *The applicable suspension periods are designated on the front of this form.*" (Emphasis added.)

Before asking petitioner to take the breath test, Bailey read this section verbatim to petitioner. Petitioner refused to take the breath test, and Bailey completed the implied consent form and gave a copy to petitioner. On DMV's copy of the report, "D" was marked indicating that petitioner had refused to submit to a breath test, and "G" was marked indicating that petitioner's suspension would be for one year. The form contains only two options for suspension times for refusal to submit to a breath test, "G" indicating one year and "H" indicating "3 years, because you are subject to the increased provisions of ORS 813.430. (See paragraph (c) on back)." Petitioner's copy of the form did not have either "G" or "H" marked; thus, no specific suspension time was indicated on his copy of the form.

Petitioner submitted a timely request for a hearing to DMV, and, at the hearing, the officer surmised that the failure of petitioner's copy to show that "G" was marked could have been caused by a piece of paper being inadvertently placed between the duplicate copies. Petitioner testified that he was never told that he faced a one-year suspension for failure to take the breath test and that, despite the officer's explanation of rights and consequences and receiving a copy of those rights and consequences, petitioner did not understand the severity of the penalty. Petitioner did not offer any other evidence of how he was prejudiced.

The ALJ concluded that petitioner received adequate notice of suspension despite the fact that petitioner's notice did not reflect a specific length of suspension. The ALJ reasoned:

"Although the Petitioner's copy of the implied consent report form does not have a suspension length marked, Petitioner nevertheless was apprised that his conduct of refusing to take the breath test would have an adverse effect on his driver license. Not only was Petitioner read

verbatim the rights and consequences on the reverse of the report form, he was served with a copy of those rights. * * *.

"* * * * *

"Petitioner was advised that if he refused, his license would be suspended. Petitioner was advised that the suspension for that refusal would be longer than if he took and failed the test. Petitioner was advised that the suspension lengths were on the front of the form."

The ALJ also found that, even if the notice was deficient, petitioner had failed to show that he had been prejudiced by the deficiency:

"Petitioner requested a hearing and was able to meet and cross examine the evidence and witnesses against him. No arguments were made by Petitioner that he was unable to contest the proposed agency action, nor did Petitioner allege that he was misled or uninformed about the basis for the suspension. The Department finds that Petitioner was not prejudiced by the length of the proposed suspension not being marked on his copy of the Implied Consent Combined Report."

The ALJ therefore ordered petitioner's license suspended for one year.

Petitioner sought review in circuit court. The circuit court set aside that order, reasoning that

"[the notice] says the applicable suspension periods are designated on the front of the form. Well, they aren't. So the question is, because the law says that it can be either one and it goes through and tells you what the deal is and then it says, 'And look on the front of this form and you'll see how long you're subject to suspension,' and I guess the answer is zero. And so I think that's what kills the form is where it actually says 'see the front of it,' and decide * * * what your suspension period is and in this case, it was specifically set for zero."

DMV appeals that judgment, arguing, alternatively, that the notice either fully complied or substantially complied with the applicable statutory requirements and that petitioner was not prejudiced by any deficiency in the notice. We conclude that the order of suspension is valid.

ORS 813.100 provides that any person who operates a motor vehicle on Oregon roadways "shall be deemed to have given consent, subject to the implied consent law, to a chemical test of the person's breath * * *." ORS 813.100(1). DMV is required to suspend a person's driver's license if that person either refuses or fails a chemical breath test, unless that person requests a hearing and DMV determines that the suspension is invalid. ORS 813.410(1). If a person refuses to take a breath test, the police officer is required to prepare and deliver to DMV a police report, as described in ORS 813.120, to initiate the license suspension and to provide the person with a written notice to suspend that informs the person "of consequences and rights as described under ORS 813.130." ORS 813.100(3)(b), (d).

ORS 813.130 provides, in part:

"This section establishes the requirements for information about rights and consequences for purposes of ORS 813.100 and 813.410. The following apply to the information about rights and consequences:

"(1) The information about rights and consequences shall be substantially in the form prepared by the Department of Transportation. The department may establish any form it determines appropriate and convenient.

"(2) The information about rights and consequences shall be substantially as follows:

"* * * * *

"(c) *If the person refuses or fails a test under ORS 813.100, the person's driving privileges will be suspended.* The outcome of a criminal charge for driving under the influence of intoxicants will not affect the suspension. *The suspension will be substantially longer if the person refuses a test.*

"* * * * *

"(4) Nothing in this section prohibits the department from providing additional information concerning rights and consequences that the department considers convenient or appropriate." (Emphasis added.)

The suspension period for a refusal to submit to a breath test is one year and for failure of a breath test is 90 days, unless the person is subject to an increase in time of suspension

because, *inter alia*, within the past five years the person's driver's license was suspended under ORS 813.100 or the person was convicted of DUII. ORS 813.420(1), (3); ORS 813.430. If a person is subject to that increase, the suspension will be for a period of three years for test refusal and one year for test failure. ORS 813.420(2), (4).

■ We conclude that the notice adequately advised petitioner of his rights and consequences as provided in ORS 813.130. The text of the statute is clear on its face. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Nowhere does ORS 813.130 require the officer to inform the person of the exact length of suspension, only that the "suspension will be substantially longer if the person refuses a test." ORS 813.130(2)(c). The notice recited *exactly* that. *See Dooney v. Department of Transportation*, 305 Or 307, 311, 751 P2d 790 (1988) (a court may not add requirements but must measure the required contents of the notice to suspend for breath test refusal only by what the legislature specifies by statute).

■ We further disagree with the circuit court's conclusion that the decision to include more detailed information regarding the length of the suspension on the form compelled a reading that the notice affirmatively misinformed petitioner that his suspension was zero. Failing to mark a specific suspension length certainly created some confusion, but the notice unambiguously stated that if petitioner refused the test his "driving privileges *are* subject to suspension." It also stated that "[s]uspension for refusing a test is substantially longer than suspension for failing a test." The notice specifically stated that "[t]he applicable suspension periods are designated on the front of this form." And on the front of the notice, only two choices appear for breath test refusal, one year or three years.

The trial court apparently interpreted "designated" to mean "checked" or "marked" for the particular person's suspension period. Only one suspension period can be applicable to a particular person. The form's reference to "suspension periods," plural, is more consistent with a reading that on the front side of the form are listed the various suspension periods applicable to the various kinds of offenses listed in

the notice. In any event, even under the trial court's rationale, zero is not designated anywhere on the form, and zero is, accordingly, an implausible conclusion in the context of the notice's clear indication that a suspension will occur for breath test refusal.

Because we hold that the notice to suspend was adequate, we do not reach DMV's argument that petitioner failed to show prejudice from inadequate notice. DMV's order to suspend petitioner's driver's license is valid. Accordingly, the judgment of the trial court is reversed and remanded with instructions to enter an order suspending petitioner's driver's license.

Reversed and remanded.