Argued and submitted May 25, 1999, affirmed June 21, 2000

In the Matter of the Suspension of
the Driving Privileges of
Elliot Herron COULTER,
*Respondent,*

*v.*

OREGON DEPARTMENT OF TRANSPORTATION,
DRIVER AND MOTOR VEHICLE SERVICES (DMV),
*Appellant.*

(97-10313; CA A101553)

4 P3d 89

Kelly Knivila, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance by respondent.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

De Muniz, P. J., dissenting.

**WOLLHEIM, J.**

In this implied consent case, the Oregon Department of Transportation, Driver and Motor Vehicles Services Branch (DMV), appeals the circuit court's judgment setting aside its order suspending petitioner's driver's license after he refused to take a chemical breath test following his arrest for driving under the influence of intoxicants (DUII). ORS 813.410. Although this is an appeal from a judgment of the circuit court, we review DMV's order. *Adams v. MVD*, 132 Or App 431, 433, 888 P2d 1078 (1995). We review for substantial evidence and errors of law, ORS 813.450(4), and affirm the trial court's judgment setting aside DMV's suspension order.

The issue on appeal is whether the police report supports suspension of petitioner's driver's license. The facts are as follows. After Deputy Schermerhorn arrested petitioner for DUII, petitioner refused to take a chemical breath test. Schermerhorn completed and gave petitioner the DMV implied consent form, which is a combined form containing the police report required by ORS 813.100(3)(d) and the written notice of intent to suspend required by ORS 813.100(3)(b). Pursuant to ORS 813.100(3)(b), the form also describes all of the rights and consequences listed in ORS 813.130. Schermerhorn also gave petitioner a copy of the Intoxilyzer Evidence Card that showed that petitioner refused to take the test. On the first page of the implied consent form is a checklist, A-H, which describes the basis for the license suspension, *i.e.*, breath test failure or test refusal, and the length of the suspension. Schermerhorn checked "B," indicating that petitioner had failed the breath test and would receive a one-year license suspension.

Petitioner submitted a timely request for a hearing to DMV. At the hearing, Schermerhorn admitted that he mistakenly checked "B." He explained that "B" inaccurately stated the basis for petitioner's license suspension and that an accurate report would have checked "D" and "G," indicating a breath test refusal and one-year license suspension. Petitioner argued that, as explained in *Dotson v. Motor Vehicles Div.*, 25 Or App 393, 549 P2d 1143 (1976), *overruled in part* 33 Or App 397, 576 P2d 1276 (1978), and *Blackburn v. Motor Vehicles Div.*, 33 Or App 397, 576 P2d 1267 (1978), the

police report, sworn to state truthfully the basis for the license revocation, is jurisdictional, and, because Schermerhorn could not swear to the truth of the assertions in the police report, DMV had no jurisdiction to suspend petitioner's license. Petitioner did not present any evidence of how any insufficiency in notice resulting from the error prejudiced petitioner.

The administrative law judge (ALJ) affirmed DMV's suspension of petitioner's license. The order affirming the suspension for breath test refusal indicated that the officer "incorrectly marked the breath test failure box rather than the breath test refusal box. With the exception of the wrong box being marked, all other information on the form was correct and in accordance with ORS 813.100 and ORS 813.130." The order stated that petitioner was not prejudiced as a result of the error—petitioner was well aware that he had refused the breath test and had not failed the test, and petitioner was adequately and properly notified of the suspension—and that the officer's error was therefore harmless. Accordingly, the order indicated that suspension of petitioner's driver's license for one year for refusal to submit to the breath test was valid.

Petitioner sought circuit court review of the suspension order. ORS 813.450. Petitioner reiterated his jurisdictional argument made at the administrative hearing and also argued that, in violation of ORS 813.410(1), the report failed to comply substantially with ORS 813.120. Petitioner argued that, according to *Dotson,* a reasonable objective of ORS 813.120 is that a truthful report provides the basis for DMV's authority to suspend, and because the report was not truthful on a material fact, DMV had no authority to suspend. Petitioner also argued that prejudice does result to petitioner if the entered report authorizing suspension indicates test failure as opposed to test refusal. DMV argued that the police report substantially complied with ORS 813.120.

The circuit court entered judgment reversing DMV's order of suspension. In its letter opinion, the circuit court concluded that the police report did not substantially comply with ORS 813.120, that the police report "acts as the jurisdictional basis for the authority to suspend," that DMV failed

either before or during the administrative hearing to amend the report and, accordingly, that, because there was no original or amended police report that stated the correct basis for the suspension, DMV cannot suspend petitioner's driver's license.

■　DMV appeals that judgment, expanding on its arguments made below. In particular, DMV argues that petitioner received adequate notice of the intent to suspend and right to request a hearing. DMV also argues that the police report either complied or substantially complied with ORS 813.120 because that statute only requires that the report disclose that the person either refused the breath test or failed it. DMV also argues that the police report is no longer jurisdictional because the 1985 legislature removed the requirement that the report be "sworn" and notarized, and, accordingly, the police report did not have to be amended to support suspension. Alternatively, DMV argues that, if the report is still jurisdictional, the report was adequately amended by the administrative hearing.

We agree that petitioner received adequate notice. Petitioner presented absolutely no evidence regarding how the error in the police report prejudiced him in any way. We, therefore, turn to the issue of whether the report supported suspension of petitioner's license.

We examine the relevant statutory provisions. ORS 813.100 provides that any person who operates a motor vehicle on Oregon roadways "shall be deemed to have given consent, subject to the implied consent law, to a chemical test of the person's breath * * *." ORS 813.100(1). If that person refuses to take a chemical breath test, the officer is required to provide the person with a written notice to suspend and to "report action taken * * * to the department and prepare and cause to be delivered to the department a report as described in ORS 813.120, along with the confiscated license or permit and a copy of the notice of intent to suspend." ORS 813.100(3)(b), (d). ORS 813.120 provides, in part:

"(1)　A report required by ORS 813.100 shall disclose substantially all of the following information:

"* * * * *

"(c)  Whether the person refused to submit to a test or if the person submitted to a breath or blood test whether the level of alcohol in the person's blood, as shown by the test, was sufficient to constitute being under the influence of intoxicating liquor under ORS 813.300."[1]

ORS 813.410(1) requires that:

"If the Department of Transportation receives from a police officer *a report that is in substantial compliance with ORS 813.120,* the department shall suspend the driving privileges of the person in this state on the 30th day after the date of arrest or, if the report indicates that the person failed a blood test, on the 60th day after receipt of the report, unless, at a hearing described under this section, the department determines that the suspension would not be valid as described in this section. A suspension of driving privileges imposed under this subsection shall be for a period established under ORS 813.420." (Emphasis added.)

The hearing is limited to the narrow purpose of whether the suspension is valid. ORS 813.410(5). A suspension is valid if, "[t]he person refused a test under ORS 813.100, or took a breath or blood test and [failed that test.]" ORS 813.410(5)(c). The suspension period for a refusal to submit to a breath test is one year and for failure of a breath test is 90 days, unless the person is subject to an increase in time of suspension because, *inter alia,* within the past five years the person's driver's license was suspended under ORS

---

[1] ORS 813.120(1) also requires that the report substantially disclose:

"(a)  Whether the person, at the time the person was requested to submit to a test, was under arrest for [DUII] * * *.

"(b)  Whether the police officer had reasonable grounds to believe, at the time the request was made, that the person arrested had [committed DUII] * * *.

"* * * * *

"(e)  Whether the person was informed of consequences and rights as described under ORS 813.130.

"(f)  Whether the person was given written notice of intent to suspend required by ORS 813.100(3)(b).

"(g)  If the arrested person took a test, a statement that the person conducting the test was appropriately qualified.

"(h)  If the arrested person took a test, a statement that any methods, procedures and equipment used in the test comply with any requirements under ORS 813.160."

813.100 or the person was convicted of DUII. ORS 813.420(1), (3); ORS 813.430. If a person is subject to that increase, the suspension will be for a period of three years for test refusal and one year for test failure. ORS 813.420(2), (4).

■    We first consider whether the police report is jurisdictional. We conclude that it is. In *Dotson*, we examined whether under *former* ORS 483.634(2) the failure to submit a "sworn" police report affected DMV's authority to suspend the petitioner's license. 25 Or App at 395. We held that it did:

> "[T]here is good reason for requiring that refusal reports be sworn. Substantial and serious consequences flow from the submission of such reports. Upon the receipt of a refusal report, the Division begins the process of suspending the operator's license of the driver involved. Although the Division is required to notify the driver of his right to request a hearing, if the driver makes no such request his operator's license is revoked automatically, *solely upon the information contained in the report of the arresting officer*. Where such substantial consequences follow the submission of the report, we think it clear that the legislature included the requirement that the reports be sworn to provide some protection, however minimal, that the reports are not specious." *Id.* at 397 (emphasis in original).

In *Blackburn*, we explained that

> "[t]he entire process toward suspension for refusal to take a breathalyzer test is initiated by the 'sworn report.' Without this report the Division has no authority to commence the suspension process. The sworn report is, in essence, the basis of the Division's authority to consider suspension. It is thus a jurisdictional requirement." 33 Or App at 399.

The statutes no longer specifically require a "sworn" report, but they still require one that "substantially complies" with ORS 813.120. ORS 813.410; Or Laws 1985, ch 672, § 13. DMV argues that, because of that change in statutory language, the police report is no longer jurisdictional. We do not agree. While swearing an oath before a notary may no longer be a jurisdictional requirement,[2] that does not

---

[2] OAR 735-070-0054(2)(b)(D) effectuates the same function as a notary, to help prevent wilfully untruthful reports. That rule requires the officer to sign below the statement: "I affirm by my signature that the foregoing event occurred." *See also* ORS 813.410(4)(f) (requiring the department to issue a subpoena for the

mean that the police report is no longer jurisdictional. Following our rationale in *Dotson* and *Blackburn,* the report still initiates the suspension process, and it is solely upon that report that suspension can be based if a person does not request a hearing. The statute now expressly provides that the report that initiates the process must substantially comply with ORS 813.120. ORS 813.410. Substantial compliance helps to safeguard the integrity of the suspension procedure. *See Blackburn,* 33 Or App at 403; *Dotson,* 25 Or App at 397. The substantially complying report is therefore jurisdictional.

■ We next consider whether Schermerhorn's report complies with ORS 813.120. The text of ORS 813.120(1)(c) requires that the report "disclose substantially all" of the information of whether "the person refused to submit to a test or if the person [failed a breath test.]" There is no doubt that the conduct giving rise to DMV's authority to suspend is an essential element of the report, *i.e.*, the reason for the suspension. Giving no reason for the suspension would neither comply nor substantially comply with ORS 813.120. Similarly, giving an erroneous reason also cannot constitute substantial compliance with ORS 813.120. Here, by indicating only that petitioner failed the breath test, the report simply does not disclose any information regarding petitioner's refusal to submit to the breath test.

That holding is buttressed by DMV's administrative rule implementing ORS 813.120. *See Fors v. Motor Vehicles Division,* 47 Or App 447, 453, 615 P2d 331 (1980) (DMV having made rule in question, is bound to follow it). OAR 735-070-0054(2) provides, in part, that:

> "For the Driver Suspensions Unit to suspend a person's base driving privileges * * * *under ORS 813.410* * * * for failure of a breath test or for refusal of a breath, blood or urine test, the implied consent form(s) *must*:
>
> "* * * * *
>
> "(b)  Contain the following information:
>
> "(A)  *Specify all of the following that apply*:

---

attendance of the police officer at the hearing if requested by petitioner or the department).

"(i)   The person failed a breath test;

"(ii)   The person refused a breath test[.]" (Emphasis added.)

The officer's report simply does not specify the conduct that applied, namely that petitioner refused a breath test.[3]

■■   We next consider DMV's arguments concerning the amendment of the report. Because the report is jurisdictional, a report that fails to state a basis for DMV's suspension authority must be amended either before or during the hearing in order to suspend a license. *See Vaughn v. Motor Vehicles Div.*, 25 Or App 543, 547, 550 P2d 477 (1976) (regardless of the narrow scope of the administrative hearing, *see* ORS 813.410(5), the department must always consider challenges to its jurisdiction). That can be accomplished easily, but it was not done in this case. Neither DMV nor the officer offered an amended report before or during the hearing, nor did DMV request that the report be amended to conform to the officer's testimony. The ALJ simply entered a suspension order based on a report that conferred no jurisdiction for that suspension, and the trial court correctly ruled that DMV's suspension order was invalid and should be set aside.

Affirmed.

**DE MUNIZ, P. J.,** dissenting.

The majority agrees that petitioner had "adequate notice" of the proposed suspension and suffered no prejudice when the officer checked the breath test failure box rather than the refusal box. Nevertheless, the majority refuses to suspend petitioner's license. Because I cannot agree to such a monumental triumph of form over substance, I dissent.

As pertinent here, a suspension for refusing to take or failing a breath test is governed by two statutes: ORS

---

[3] The dissent takes this opinion to task for elevating form over substance. 168 Or App at 450. The issue here is whether DMV has jurisdiction based on the officer's inaccurate report. The fact that petitioner had notice of the proceedings and was not prejudiced does not grant jurisdiction to DMV. Nor do those facts allow DMV to ignore its own administrative rules.

813.410 and ORS 813.120. Under ORS 813.410, the Department of Transportation (department) shall suspend an operator's driving privileges upon the receipt of a police officer's report that is in "substantial compliance" with ORS 813.120. A police officer's report under ORS 813.120 "shall disclose substantially all" of the information listed, including whether the operator refused to submit to a breath test or submitted to and failed the test.

"Substantial compliance" has been defined as "compliance in respect to the essential matters necessary to assure every reasonable objective of the statutes." *Rogers v. Roberts*, 300 Or 688, 691, 717 P2d 620 (1986). The majority does not dispute that the legislature intended this meaning when it used the term in ORS 183.410. Yet, inexplicably, the majority holds that the requirement in ORS 813.120 to "disclose substantially all" information compels strict adherence. Such an interpretation is inconsistent with the commonly understood meaning of substantial compliance, as defined above, and renders that term meaningless in ORS 813.410.

Although the length of suspension can be greater for refusing than for failing the breath test, petitioner's only ground for requesting a hearing was that he had refused, rather than failed, the test, as indicated by the box checked by the officer. The request for the hearing and the hearing itself amply demonstrated that petitioner knew that he had refused and had no justification for the refusal. Notice and the opportunity for petitioner to be heard about his failure to comply with the implied consent law were achieved. In the context of this case, those are the essential matters to which the statutory scheme speaks. Petitioner cannot demonstrate that he suffered any prejudice as a result of the officer's mistake. Accordingly, I would not allow petitioner to avoid the consequences of his refusal. Respectfully, I dissent.